**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.W.-1 and A.W.-2**

**No. 22-580** (Kanawha County 21-JA-135 and 21-JA-136)

**MEMORANDUM DECISION**

Petitioner Mother D.W.[1] appeals the Circuit Court of Kanawha County's June 14, 2022, order terminating her parental rights to A.W.-1 and A.W.-2.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In March of 2021, the DHHR filed a petition alleging that petitioner's substance abuse negatively impacted her ability to parent. The DHHR also alleged that it had provided five months of safety services prior to filing the instant petition after A.W.-1 disclosed witnessing petitioner use marijuana and methamphetamine. During the five months of safety services, petitioner tested positive for methamphetamine, marijuana, buprenorphine, and ecstasy (MDMA) on four occasions. The DHHR further asserted that A.W.-1 expressed ideations of self-harm and suffered from depression. Shortly after the petition's filing, petitioner waived her right to a contested preliminary hearing, and the circuit court ordered the DHHR to provide reunification services including parenting education and adult life skills classes, random drug and alcohol screens, a psychological evaluation, and supervised visitations with the children.

The circuit court adjudicated petitioner as an abusing parent in May of 2021 based on her stipulation to the allegations in the petition. The court granted petitioner's motion for an improvement period. In addition to participating with existing services, petitioner was required to successfully complete a substance abuse treatment program and follow the recommendations in the report from her psychological evaluation.

---

[1]Petitioner appears by counsel Matthew Smith. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. Sharon K. Childers appears as the children's guardian ad litem. Additionally, as the children share the same initials, we refer to them respectively as A.W.-1 and A.W.-2 throughout this memorandum decision.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

Thereafter, the circuit court held several review hearings and continued the terms of petitioner's post-adjudicatory improvement period. Petitioner tested positive for marijuana on several occasions, and supervised visits were suspended in July of 2021 but reinstated in September of 2021. In December of 2021, petitioner had still not enrolled in an inpatient drug treatment program and had tested positive for opiates. The court then ordered petitioner to complete an inpatient drug rehabilitation program. As of March of 2022, the multidisciplinary team had agreed to extend petitioner's improvement period several times and petitioner had completed a twenty-eight-day outpatient drug rehabilitation program. However, petitioner tested positive for methamphetamine and codeine on March 11, 2022, and agreed to enter a long-term inpatient drug rehabilitation program. The court initially held a dispositional hearing in March of 2022 but continued the dispositional hearing to allow petitioner to enter a long-term inpatient drug rehabilitation program.

At a June of 2022 dispositional hearing, petitioner did not appear, but counsel represented her and proffered that petitioner was then-enrolled in a twenty-eight-day inpatient drug rehabilitation program, so she was unavailable to attend the hearing. The worker stated that petitioner went on vacation to the Bahamas, which resulted in several missed visits with the children and delayed her seeking inpatient drug treatment. The DHHR also presented evidence that petitioner tested positive for codeine and nonprescribed suboxone after completing a twenty-eight-day inpatient drug rehabilitation program. Based on the evidence, the court found that petitioner had not addressed her substance abuse addiction, noting that petitioner completed several twenty-eight-day rehabilitation programs but immediately relapsed with methamphetamine and opiate use after each program. The court found that petitioner had not benefited from services and lacked the motivation to fully address the conditions of abuse and neglect. As such, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the children's welfare required termination of her parental rights. The court then terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first alleges that the circuit court erred in finding that she had not successfully completed the terms and conditions of her improvement periods. We have held:

> At the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child.

---

[3]The father is participating in an improvement period, and the permanency plan for the children is reunification with him.

Syl. Pt. 6, *In Int. of Carlita B.,* 185 W. Va. 613, 616, 408 S.E.2d 365, 368 (1991).

Notably, petitioner does not allege that she fully addressed her substance abuse, which was the primary goal of her case plan and the primary purpose of her various improvement periods. Additionally, on appeal, petitioner concedes that she was not ready to regain custody of the children as she needed more time to "work on her issues" and rectify "problems." While petitioner completed several short-term inpatient drug rehabilitation programs and complied with some aspects of the case plan, the record shows that she relapsed several times, including shortly before the final dispositional hearing. Therefore, petitioner had not satisfied the condition of her improvement period that she maintain sobriety. Accordingly, we agree with the circuit court's finding that she failed to successfully complete the terms and conditions of her post-adjudicatory improvement period and the various extensions thereof.[4]

This same evidence supports the circuit court's termination of petitioner's parental rights. Petitioner takes issue with the court's findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and contends that the circuit court did not choose the least restrictive disposition when it terminated her parental rights. However, petitioner fails to explain how the court erred in making this finding. Indeed, petitioner received a plethora of services over nearly fifteen months, which do not include the additional five months of the DHHR's protective services provided to her prior to the filing of the instant petition. Despite these extensive services, petitioner exercised poor judgement by going on vacation immediately prior to the final dispositional hearing, further delaying her entry into an inpatient substance abuse treatment facility, and by not fully addressing her recent relapse. Importantly, "courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child[ren] will be seriously threatened." *In re Cecil T.*, 228 W. Va. 89, 98, 717 S.E.2d 873, 882 (2011). Ultimately, petitioner is not entitled to relief because West Virginia Code § 49-4-604(c)(6) permits a circuit court to terminate parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (citation omitted). As such, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 14, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

---

[4]The Court further notes that petitioner was apparently awarded several extensions to her post-adjudicatory improvement period, which is in contravention to Syl. Pt. 5, *State ex rel. P.G.-1 v. Wilson*, 247 W. Va. 235, 878 S.E.2d 730, 733 (2021) (holding that "West Virginia Code § 49-4-610(6) (eff. 2015) authorizes only *one* extension of a post-adjudicatory improvement period").

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn